UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 10-235-JFW**                                                              Dated: July 16, 2010

================================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Patricia A. Donahue |
|---|---|---|
| Courtroom Deputy | Court Reporter | Andrew McCormack |
| | | Asst. U.S. Attorney |
| | | Not Present |

================================================================================
U.S.A. vs (Dfts listed below)                    Attorneys for Defendants

1)    Michael James Dodd                         1)    Firdaus F. Dordi
      Not Present                                      Koren Bell
                                                       Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT [filed 6/18/2010; Docket No. 32]**

On June 18, 2010, Defendant Michael James Dodd ("Defendant") filed a Motion to Dismiss Indictment. On July 2, 2010, the Government filed its Opposition. On July 8, 2010 Defendant filed his Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 19, 2010 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

The Indictment, filed on March 9, 2010, charges Defendant with (1) travel to Cambodia with the intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b); (2) engaging in illicit sexual conduct with a minor in a foreign place in violation of 18 U.S.C. § 2423(c); and (3) commission of a felony offense involving a minor by one required to register as a sex offender in violation of 18 U.S.C. § 2260A.

In this motion, Defendant moves to dismiss the Indictment, arguing that: (1) 18 U.S.C. § 2423(c) exceeds Congress's authority to regulate conduct under the Foreign Commerce Clause, and its application to Defendant is unconstitutional; (2) principles of statutory construction require that the prohibited conduct in 18 U.S.C. § 2423(c) occur soon after the travel; (3) 18 U.S.C. § 2423(b) exceeds Congress's authority to regulate conduct under the Foreign Commerce Clause and violates the First and Eighth Amendments; and (4) application of 18 U.S.C. § 2423 to Defendant violates international law and the Due Process Clause of the Fifth Amendment.

## II.  DISCUSSION

### A.  18 U.S.C. § 2423(c) Does Not Exceed Congress's Authority to Regulate Conduct Under the Foreign Commerce Clause, and its Application to Defendant is Constitutional.

Defendant argues that the Congress exceeded its authority under the Foreign Commerce Clause in enacting 18 U.S.C. § 2423(c).  Under the Foreign Commerce Clause, Congress has the power "[t]o regulate commerce with foreign Nations."   "In considering whether Congress exceeded its power under the Foreign Commerce Clause in enacting § 2423(c), [the Court] ground[s] [its] analysis in the fundamental principle that '[i]t is an essential attribute of [Congress's power over foreign commerce] that it is exclusive and plenary.'" *United States v. Clark*, 435 F.3d 1100, 1109 (9th Cir. 2006) (quoting *Bd. of Trustees of Univ. Of Ill. v. United States*, 289 U.S. 48, 56 (1933)).  The Supreme Court "has been unwavering in reading Congress's power over foreign commerce broadly," and "[i]n fact, the Supreme Court has never struck down an act of Congress as exceeding its powers to regulate foreign commerce."  *Clark*, 435 F.3d at 1114.   The Court is also "mindful of the Supreme Court's caution that '[d]ue respect for the decisions of a coordinate branch of Government demands that [it] invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds.'" *Id.* at 1109 (quoting *United States v. Morrison*, 529 U.S. 598, 607 (2000))

18 U.S.C. § 2423(c) was enacted as part of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2004 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650 (2003).  It provides: "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."  18 U.S.C. § 2423(c). "Illicit sexual conduct" is defined as: "(1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age."  18 U.S.C. § 2423(f).  Thus, the statute criminalizes both non-commercial and commercial illicit sexual conduct committed by United States citizens or permanent residents in foreign places.

In *United States v. Clark*, 435 F.3d 1100 (9th Cir. 2006), where the defendant committed an illicit commercial sexual act less than two months after traveling to Cambodia, the Ninth Circuit held that Congress did not exceed its authority under the Foreign Commerce Clause in enacting 18

U.S.C. § 2423(c).  See *Clark*, 435 F.3d at 1116 ("The combination of Clark's travel in foreign commerce and his conduct of an illicit commercial sex act in Cambodia shortly thereafter puts the statute squarely within Congress' Foreign Commerce Clause authority.").  However, the Ninth Circuit limited its holding to the constitutionality of the commercial-prong of the statute, and reserved the question of "[w]hether a longer gap between the travel and the commercial sex act could trigger constitutional or other concerns."  *Id.* at 1108 n.11; 1110 n.16.

Defendant acknowledges that Clark forecloses the argument that 18 U.S.C. § 2423(c) is facially unconstitutional with respect to illicit commercial sexual conduct, but argues that 18 U.S.C. § 2423(c) is (1) unconstitutional with respect to illicit non-commercial sexual conduct;[1] and (2) unconstitutional as applied in this case because there is a longer gap between his travel and the alleged illicit sexual conduct.

With respect to the non-commercial sexual conduct proscribed by 18 U.S.C. § 2423(c), every court that has considered the issue, including the Third Circuit in a very recent opinion, has concluded that Congress did not exceed its authority under the Foreign Commerce Clause.  See *United States v. Bianchi*, 2010 WL 2650357, at *5 (3rd Cir. July 2, 2010) ("The Supreme Court's broad interpretation of the Foreign Commerce Clause applies with equal force to the non-commercial sexual conduct prong of § 2423(c), and [Defendant] has simply not made the required 'plain showing that Congress has exceeded its constitutional bounds' by enacting that prong of the statute."); *United States v. Martinez*, 599 F. Supp. 2d 784, 808 (W.D. Tex. 2009) ("[G]iven the almost complete deference federal courts have shown towards Congress in enacting laws regulating foreign commerce, the extensive powers that the Constitution affords Congress in regulating international affairs, and the unambiguous jurisdictional language in § 2423(c), this Court holds that Congress was acting well within its authority to 'make all Laws which shall be necessary and proper' to 'regulate Commerce with foreign Nations' when it made both the commercial and noncommercial illicit sexual conduct in § 2423(c) and § 2423(f) unlawful."); *United States v. Pendleton*, 2009 WL 330965, at *4 (D. Del. Feb. 11, 2009) (concluding that 18 U.S.C. § 2423(c) constitutes a valid exercise of Congress's powers under the Foreign Commerce Clause even though it regulates sexual acts that are non-commercial).  The Court concurs with and adopts the reasoning of these opinions, and concludes that Congress did not exceed its authority under the Foreign Commerce Clause in enacting the non-commercial sexual conduct prong of 18 U.S.C. § 2423(c) .

With respect to the "longer gap" between Defendant's travel and the alleged illicit sexual conduct, the Court concludes that the gap in this case is insufficient to trigger constitutional concerns.  In *Clark*, the Ninth Circuit rejected the argument that 18 U.S.C. § 2423(c) required that

---

[1] Although the Government argues that the illicit conduct in this case is commercial in nature, Defendant argues otherwise.  Because there are contested issues of fact, this issue must be decided by the jury.

the illicit sexual conduct occur while the defendant is literally still traveling,[2] and could see "no plausible reading of the statute that would exclude its application to Clark's conduct" because of a "limited gap" of less than two months between Clark's travel and the illicit sexual conduct.  *See also United States v. Jackson,* 480 F.3d 1014, 1024 (9th Cir. 2007) (characterizing the holding in *Clark* as "a lapse in time between a defendant's travel and his sex act will ordinarily not preclude prosecution under the statute.").  In this case, the Court does not find a gap of at most 6 months any more significant than a gap of 2 months.  *Cf. United States v. Michael Joseph Pepe*, CR 07-168-DSF (C.D. Cal. Dec. 3, 2007) ("[A]n asserted eight or nine month gap between travel and engaging in illicit sexual conduct would not render application of § 2423(c) in excess of Congress's foreign commerce power.").

Accordingly, the Court concludes that Congress did not exceed its authority under the Foreign Commerce Clause in enacting 18 U.S.C. § 2423(c) and that its application to Defendant is constitutional.

**B.    The Statutory Language of 18 U.S.C. § 2423(c) Covers the Sexual Conduct Alleged in this Case.**

To avoid constitutional questions and to comport with the rule of lenity, Defendant also argues that this statutory language should be construed as only applying to individuals who engage in illicit sexual conduct "relatively soon" after traveling, rather than to individuals such as Defendant who have allegedly engaged in illicit sexual conduct sixth months after traveling, and who have no intent to return permanently to the United States. 18 U.S.C. § 2423(c) provides: "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, *and* engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."  18 U.S.C. § 2423(c) (emphasis added).  Defendant contends that the use of the word "and" in 18 U.S.C. § 2423(c) creates a temporal nexus between the travel and illicit sexual conduct, because one ordinary meaning of the word "and" is "then," and "then" means "immediately soon afterward or "next in order of time."  However, Judge Dale S. Fischer rejected this very argument, concluding that the statute was unambiguous and that "there is nothing in the text of § 2423(c) that could be interpreted as imposing any temporal relationship between the elements of the offense."  *United States v. Michael Joseph Pepe*, CR 07-168-DSF (C.D. Cal. Dec. 3, 2007).  The Court concurs with Judge Fischer's reasoning, and concludes that the statutory language of 18 U.S.C. § 2423(c) covers the sexual conduct alleged in this case.

---

[2]In *United States v. Jackson*, 480 U.S. 1014 (9th Cir. 2007), the Ninth Circuit discussed two possible alternate meanings of the word travel as used in 18 U.S.C. § 2423(c): (1) travel could end when the citizen arrives in a foreign country, or (2) travel could end only once the citizen resettles in or takes up residence in a foreign country.  480 U.S. at 1023.  Whichever definition is used, the gap between Defendant's travel and the alleged illicit sexual conduct is at most six months.

    **C.    18 U.S.C. § 2423(b) Does Not Exceed Congress's Authority to Regulate Conduct Under the Foreign Commerce Clause and Does Not Violate the First and Eighth Amendments.**

18 U.S.C. § 2423(b) provides in relevant part: "[A] United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years or both."  Defendant argues that this provision violates the Foreign Commerce Clause and the First and Eighth Amendments.  These arguments have been rejected by the only Circuits to have addressed them, and the Court likewise rejects them.  *See, e.g., United States v. Tykarsky*, 446 F.3d 458, 470-72 (3rd Cir. 2006) (rejecting arguments that 18 U.S.C. § 2423(b) violates the Commerce Clause, First Amendment, and Eighth Amendment); *United States v. Bredimus*, 352 F.3d 200, 205-10 (5th Cir. 2003) (same); *United States v. Han*, 230 F.3d 560, 562-63 (2nd Cir. 2000) (rejecting argument that 18 U.S.C. § 2423(b) violates the Commerce Clause).

    **D.    The Remainder of Defendant's Arguments are Foreclosed by the Ninth Circuit's Decision in *Clark*.**

As Defendant acknowledges, the remainder of his arguments – that application of 18 U.S.C. § 2423 violates both international law and the Due Process Clause of the Fifth Amendment – are foreclosed by the Ninth Circuit's decision in *United States v. Clark*, 435 F.3d 1100 (9th Cir. 2006).

**III.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Indictment is **DENIED**.

IT IS SO ORDERED.